SCANNED
DEC 30 2021



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Dallas Field Office*
6500 Campus Circle Drive East
Irving, Texas 75063

December 22, 2021

**U.S. Citizenship and Immigration Services**

GUERRA VAZQUEZ, JORGE NMN
C/O JUAREZ, YADIRA NMN
THE LAW OFFICE OF JOHN M BRAY
1910 PACIFIC AVE.
DALLAS, TX 75201, USA

USCIS A#: 042 326 594
Receipt #: IOE0913134856

### NOTICE OF INTENT TO CANCEL THE CERTIFICATE OF CITIZENSHIP

Dear Jorge Guerra Vasquez:

On August 19, 2021, the United States Citizenship and Immigration Services (USCIS) received your Form N-600, Application for Certificate of Citizenship and supporting documents pursuant to §301 of the Immigration and Nationality Act (INA). You indicated in your application that it was filed based on the fact that you were the biological child of United States (U.S.) citizen parent.

*Section 301 of the INA states in pertinent part that:*

> *The following shall be nationals and citizens of the United States at birth:*
> *(g) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years: Provided, That any periods of honorable service in the Armed Forces of the United States, or periods of employment with the United States Government or with an international organization as that term is defined in section 288 of title 22 by such citizen parent, or any periods during which such citizen parent is physically present abroad as the dependent unmarried son or daughter and a member of the household of a person (A) honorably serving with the Armed Forces of the United States, or (B) employed by the United States Government or an international organization as defined in section 288 of title 22, may be included in order to satisfy the physical-presence requirement of this paragraph. This proviso shall be applicable to persons born on or after December 24, 1952, to the same extent as if it had become effective in its present form on that date.*

On November 08, 2021, USCIS Immigration Services Officer (ISO) reviewed your application and supporting documents as part of the adjudication process. The ISO noted that you were born on September 13, 1972 in Mexico and that your biological father is allegedly a U.S. citizen, namely: Antonio Guerra Rodriguez. The copy of his birth certificate indicates that your father, Antonio Guerra Rodriguez was born on June 13, 1944 in Las Liebres, Romita, Guanajuato, Mexico (A042 326 592). Your mother, Paula Vazquez De Guerra, has an approved Form I-90 reflecting that she was born on January 25, 1944 in La Labor San Luis Potosi, Mexico (A042 326 593). The copy of your parents' marriage certificate indicates that they were married on July 11, 1964 in Ciudad Victoria, Mexico.

Antonio Guerra Rodriguez became a Legal Permanent Resident in 1990 in class of admission P41, a married son of a U.S. citizen. The copy of your mother's Permanent Resident Card indicates that she became a United States

Plaintiff's Exhibit "K"

Permanent Resident on February 15, 1990 in class of admission P42 (spouse of P41). On February 15, 1990, you were admitted into the United States at the port of entry in Progreso, TX as a Legal Permanent Resident in 1990 in class of admission P43, which is a child of P41 (married son of U.S. citizen).

On August 17, 2021, you have signed your application and certified under penalty of perjury under the laws of the United States, that the application and the supporting documentary evidence that you have submitted were all true and correct. Records show that your father, Antonio Guerra Rodriguez, naturalized on December 1, 2005. It is alleged that he acquired citizenship at birth through his mother Cruz Rodriguez Vargas. Her application for social security and tax account states that she was born February 28, 1924 in Herrington, KS. Her U.S. Citizen Identification Card, No 328279, that you submitted was issued on June 25, 1981 at Brownsville, TX. As for Antonio Guerra Rodriguez's father, Benigno Guerra, records show that he was born in February 13, 1914 in Mexico and passed away sometimes in early 1970s. His immigration status at the time of his passing is unclear and currently remains without any confirmed legal status considering all documents that you and your father have submitted.

In his Affidavit statement, Antonio Guerra Rodriguez states that his parents told others that they were married, he has never seen their marriage certificate, and has never seen any photographs showing that they married through the church. He adds that it is very common in Mexico for people to be considered married when they begin living together. According to the birth certificate from his file, it appears that he was born in wedlock.

Based on the above information, USCIS approved your application for a certificate of citizenship pursuant to §301(g) of the INA, that is, you acquired U.S. citizenship at birth as the biological child of a U.S. citizen father and an alien mother, and that your U.S. citizen parent had resided in the U.S. prior to your birth.

On December 02, 2021, you appeared in person at the USCIS Dallas Field Office and you were issued the Form N-560, Certificate of Citizenship, Number A3676513, bearing your legal name, Jorge Guerra Vasquez. The certificate indicates that you are now a citizen of the U.S. and that you became a citizen on September 13, 1972, the day that you were born pursuant to §301 of the INA.

In view of the aforementioned, it is the intent of USCIS to cancel your Form N-560, Certificate of Citizenship because Antonio Guerra Rodriguez is not eligible to acquire citizenship from his mother due to lack of physical presence according to the Nationality Act, INA § 201(g), the law in effect between January 13, 1941, through December 23, 1952. Section 201(g) INA specified that if one parent was an alien, the citizen parent must have resided in the United States or one of its outlying possessions before the child's birth for a total of 10 years, including 5 years after the citizen parent's 16th birthday, in order to transmit citizenship. Antonio Guerra Rodriguez was born June 13, 1944, and his mother was born February 28, 1924, making her twenty years old at the time of Antonio Guerra Rodriguez's birth. She could not have had five years after sixteen where she was only twenty when Antonio Guerra Rodriguez was born. Thus, Antonio Guerra Rodriguez would not acquire citizenship.

Alternatively, a review of Antonio Guerra Rodriguez's file shows that he was married in 1964, making Jorge born in wedlock. In 1972, INA § 301(a)(7), was the law in effect which required the U.S. citizen parent to be in the U.S. for ten years, five of which are after age fourteen, at the time the child is born. Evidence that you presented show that Antonio Guerra Rodriguez did not reside in the U.S. prior to your birth in 1972. An I-130 filed on your behalf in 1981, as well as your visa application, both indicate he had never resided in the U.S. prior to 1981.

Per your legal counsel's letter of clarification, Antonio Guerra Rodriguez did not have the requisite time in the U.S. prior to your birth in 1972. Instead, the letter contends that Antonio Guerra Rodriguez had constructive presence in the U.S. prior to 1972. As Antonio Guerra Rodriguez was not in the U.S. for the requisite 10 years prior to your birth, you do not acquire citizenship at birth. Therefore, you are ineligible to acquire U.S. citizenship under § 301(g) of the INA. See INA 301(g). But regardless of the exact claim raised by you in your N-600 application, courts have routinely rejected acquisition of citizenship claims based on "constructive presence" of a U.S. citizen parent. *Madar v. U.S. Citizenship and Immig. Services*, 918

2

Plaintiff's Exhibit "K"

F.3d 120, 123 (3d Cir. 2019) (holding that "[l]ike all other circuits to address the issue, we decline to venture beyond the statutory text" to add a constructive presence exception); *Tullius v. Albright*, 240 F.3d 1317, 1320-21 (11th Cir. 2001); *Drozd v. I.N.S.*, 155 F.3d 81, 86-88 (2d Cir. 1998); *Papa v. Atty. Gen., USCIS*, 522 Fed. Appx. 86, 87 (2d Cir. 2013)(unpublished); *see also Madar v. U.S. Citizenship and Immig. Services*, 2:07CV1254, 2018 WL 692096, at *12 (W.D. Pa. Feb. 2, 2018), aff'd, 918 F.3d 120 (3d Cir. 2019) (discussing several cases that have rejected constructive physical presence in acquisition of citizenship claims).

USCIS is authorized to cancel any Certificate of Citizenship in cases where USCIS considers that the certificate was obtained due to the following:

- There is evidence that the certificate of citizenship application was approved in error; or
- There was information unknown to USCIS at the time of the application that would have had a material effect on the outcome of the application and would have proven that:
  - The certificate of citizenship application was based on fraud or misrepresentation or concealment of a material facts; or
  - The applicant was not, in fact eligible for U.S. citizenship at birth.

Upon such determination you will be required to surrender your Form N-565, Certificate of Citizenship. The certificate of citizenship will be cancelled. As a result of the cancellation of your Certificate of Citizenship, your immigration status reverts back to that of the immigration status you have held prior to the issuance of the certificate of citizenship, that is, a nonimmigrant visitor (B2) in the U.S. See INA 342.

In accordance with Title 8 Code of Federal Regulations §342.1 you may submit within 60 days of service of this notice to the USCIS Dallas Office, an answer in writing under oath or affirmation showing cause why the certificate of citizenship should not be canceled or that you may appear in person before a naturalization examiner in support of, or in lieu of your written answer, and that you may have present at that time, without expense to the Government, an attorney or representative qualified under part 292.1 of this chapter. See also 8 CFR 342.4; 8 CFR 342.5

In accordance with Title 8 Code of Federal Regulations Part 103.3 this decision may be appealed to the Administrative Appeals Office (AAO) by submitting, within thirty (30) days of receipt, the Form I-290B, Notice of Appeal or Motion, to the USCIS Dallas Office with a filing fee of $630.00. See 8 CFR 342.8

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call our National Customer Service Center toll free at 1-800-375-5283. You may also make an appointment to speak to a USCIS staff member in person at the USCIS office having jurisdiction over your current place of residence. To schedule an appointment, go to www.uscis.gov and select INFOPASS.

Sincerely,

[signature]

Wilhelm (Will) Bierman
Director

cc:

Plaintiff's Exhibit "K"

**Attachment**
(Applicable Law/Regulations)

To better assist you, the sections of the law referenced in your decision are provided below:

INA 301, provides, in relevant part, that:
The following shall be nationals and citizens of the United States at birth:
(g) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years: Provided, That any periods of honorable service in the Armed Forces of the United States, or periods of employment with the United States Government or with an international organization as that term is defined in section 288 of title 22 by such citizen parent, or any periods during which such citizen parent is physically present abroad as the dependent unmarried son or daughter and a member of the household of a person (A) honorably serving with the Armed Forces of the United States, or (B) employed by the United States Government or an international organization as defined in section 288 of title 22, may be included in order to satisfy the physical-presence requirement of this paragraph. This proviso shall be applicable to persons born on or after December 24, 1952, to the same extent as if it had become effective in its present form on that date.

INA 320
(a) A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:
(1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.
(2) The child is under the age of eighteen years.
(3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.
(b) Subsection (a) shall apply to a child adopted by a United States citizen parent if the child satisfies the requirements applicable to adopted children under section 101(b)(1) of the INA.

INA 101(b)(1)
(E)(i) a child adopted while under the age of sixteen years if the child has been in the legal custody of, and has resided with, the adopting parent or parents for at least two years: Provided, That no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act; or

(ii) subject to the same proviso as in clause (i), a child who: (I) is natural sibling of a child described in clause (i) or subparagraph (F)(i); (II) was adopted by the adoptive parent or parents of the sibling described in such clause or subparagraph; and (III) is otherwise described in clause (i), except that the child was adopted while under the age of 18 years;

INA 342
Cancellation of certificates issued by Attorney General, the Commissioner or a Deputy Commissioner; action not to affect citizenship status.

The Attorney General is authorized to cancel any certificate of citizenship, certificate of naturalization, copy of a declaration of intention, or other certificate, document or record heretofore issued or made by the Commissioner or a Deputy Commissioner or hereafter made by the Attorney General if it shall appear to the Attorney General's satisfaction that such document or record was illegally or fraudulently obtained from, or was created through illegality or by fraud practiced upon, him or the Commissioner or a Deputy Commissioner; but the person for or to whom such document or record has been issued or made shall be given at such person's last-known place of address written notice of the intention to cancel such document or record with the reasons therefor and shall be given at least sixty days in which to show cause why such document or record should not be canceled. The cancellation under this section of any document purporting

Plaintiff's Exhibit "K"

to show the citizenship status of the person to whom it was issued shall affect only the document and not the citizenship status of the person in whose name the document was issued.

8 CFR 320.1
Adopted means adopted pursuant to a full, final and complete adoption.

8 CFR 103.3
(a)(2)(i) Filing Appeal. The affected party shall file an appeal on Form I-290B. Except as otherwise provided in this chapter, the affected party must pay the fee required by §103.7 of this part. The affected party shall file the complete appeal including any supporting brief with the office where the unfavorable decision was made within 30 days after service of the decision.

8 CFR 103.7
(b)(1)(i)(S) Notice of Appeal or Motion (Form I-290B). For appealing a decision under the immigration laws in any type of proceeding over which the Board of Immigration Appeals does not have appellate jurisdiction: $630. The fee will be the same for appeal of a denial of a benefit request with one or multiple beneficiaries. There is no fee for an appeal or motion associated with a denial of a petition for a special immigrant visa from an Iraqi or Afghan national who worked for or on behalf of the U.S. Government in Iraq or Afghanistan.

8 CFR 342.1  Notice.

If it shall appear to a district director that a person has illegally or fraudulently obtained or caused to be created a certificate, document, or record described in section 342 of the Act, a notice shall be served upon the person of intention to cancel the certificate, document, or record. The notice shall contain allegations of the reasons for the proposed action and shall advise the person that he may submit, within 60 days of service of the notice, an answer in writing under oath or affirmation showing cause why the certificate, document, or record should not be canceled, that he may appear in person before a naturalization examiner in support of, or in lieu of his written answer, and that he may have present at that time, without expense to the Government, an attorney or representative qualified under part 292 of this chapter. In such proceedings the person shall be known as the respondent.

8 CFR 342.2  Service of notice.

The notice required by 8 CFR 342.1 must be by personal service as described in 8 CFR 103.8(a)(2).

8 CFR 342.3  Allegations admitted; no answer filed; no personal appearance requested.

If the answer admits all material allegations in the notice, or if no answer is filed within the 60-day period or any extension thereof and no personal appearance is requested within such period or periods, it shall be deemed to authorize the district director, without further notice to respondent, to find the facts to be as alleged in the notice and to cancel the certificate, document, or record. No appeal shall lie from such decision. Written notice of the decision shall be served upon the respondent with demand for surrender of the certificate, document, or record forthwith.

8 CFR 342.4 Answer asserting defense; personal appearance requested.

If the respondent files an answer within the prescribed period asserting a defense to the allegations in the notice, or requests a personal appearance, with or without an answer, the district director shall designate a naturalization examiner to consider the case. The respondent shall be notified that he may appear in person or through counsel with any witnesses and evidence in defense of the allegations, and shall be informed of the date, time, and place for such appearance.

Plaintiff's Exhibit "K"

8 CFR 342.5 Conduct of examination.

(a) *Authority of naturalization examiner.* The naturalization examiner assigned to consider the case shall have authority to administer oaths or affirmations to respondent and witnesses, issue subpoenas, present and receive evidence, rule upon offers of proof, take or cause depositions or interrogatories to be taken, regulate the course of the examination, take testimony of respondent and witnesses, grant continuances, consider and rule upon objections to the introduction of evidence, make recommendations to the district director as to whether cancellation shall be ordered or the proceedings terminated, and to take any other action as may be appropriate to the conduct and disposition of the case.

(b) *Assignment of additional officer.* The district director may, in his discretion, assign an officer of the Service to examine and cross-examine the respondent and witnesses and to present evidence pertinent to the case. The naturalization examiner designated under §342.4 may take such part in the proceedings as he may deem necessary.

(c) *Examination.* The naturalization examiner designated under §342.4 shall, prior to commencement of the examination, make known to the respondent his official capacity and that of any officer assigned pursuant to paragraph (b) of this section, the nature of the proceedings, his right to representation by counsel, to examine or object to evidence against him, to present evidence in his own behalf, to cross-examine witnesses presented by the Government, and shall read the allegations in the notice to respondent and, if necessary, explain them to him. The respondent shall be asked whether he admits or denies the material allegations in the notice, or any of them, and whether he concedes illegality or fraud. If respondent admits all the material allegations and that the certificate, document, or record was procured by fraud or illegality, and no issue of law or fact remains, the naturalization examiner may determine that fraud or illegality has been established on the basis of the respondent's admissions. The allegations in the notice shall be taken as admitted if respondent, without reasonable cause, fails or refuses to attend or remain in attendance at the examination. The examination shall be recorded verbatim except for statements made off the record with the permission of the naturalization examiner.

(d) *Prior statements.* The naturalization examiner assigned to consider the case may receive in evidence any oral or written statement which is material and relevant to any issue in the case previously made by the respondent or by any other person during any investigation, examination, hearing, trial, proceeding, or interrogation.

8 CFR 342.8 Appeals.

Should the district director find that the certificate, document, or record was fraudulently or illegally obtained, he shall enter an order that it be cancelled and the certificate or document surrendered to the Service forthwith. Written notification of such action shall be given the respondent, with a copy of the decision, findings and decision of the district director, and he shall be informed of his right of appeal in accordance with the provisions of part 103 of this chapter.

8 CFR 292.1 Representation of others.

(a) A person entitled to representation may be represented by any of the following, subject to the limitations in 8 CFR 103.2(a)(3):

(1) *Attorneys in the United States.* Any attorney as defined in 8 CFR 1.2.

(2) *Law students and law graduates not yet admitted to the bar.* A law student who is enrolled in an accredited U.S. law school, or a graduate of an accredited U.S. law school who is not yet admitted to the bar, provided that:

Plaintiff's Exhibit "K"

(i) He or she is appearing at the request of the person entitled to representation;

(ii) In the case of a law student, he or she has filed a statement that he or she is participating, under the direct supervision of a faculty member, licensed attorney, or accredited representative, in a legal aid program or clinic conducted by a law school or non-profit organization, and that he or she is appearing without direct or indirect remuneration from the alien he or she represents;

(iii) In the case of a law graduate, he or she has filed a statement that he or she is appearing under the supervision of a licensed attorney or accredited representative and that he or she is appearing without direct or indirect remuneration from the alien he or she represents; and

(iv) The law student's or law graduate's appearance is permitted by the DHS official before whom he or she wishes to appear. The DHS official may require that a law student be accompanied by the supervising faculty member, attorney, or accredited representative.

(3) *Reputable individuals.* Any reputable individual of good moral character, provided that:

(i) He is appearing on an individual case basis, at the request of the person entitled to representation;

(ii) He is appearing without direct or indirect remuneration and files a written declaration to that effect;

(iii) He has a pre-existing relationship or connection with the person entitled to representation (e.g., as a relative, neighbor, clergyman, business associate or personal friend), provided that such requirement may be waived, as a matter of administrative discretion, in cases where adequate representation would not otherwise be available; and

(iv) His or her appearance is permitted by the DHS official before whom he or she seeks to appear, provided that such permission will not be granted with respect to any individual who regularly engages in immigration and naturalization practice or preparation, or holds himself or herself out to the public as qualified to do so.

(4) *Accredited representatives.* A person representing an organization described in §292.2 of this chapter who has been accredited by the Board.

(5) *Accredited officials.* An accredited official, in the United States, of the government to which an alien owes allegiance, if the official appears solely in his official capacity and with the alien's consent.

(6) *Attorneys outside the United States.* An attorney, other than one described in 8 CFR 1.2, who is licensed to practice law and is in good standing in a court of general jurisdiction of the country in which he or she resides and who is engaged in such practice, may represent parties in matters before DHS, provided that he or she represents persons only in matters outside the geographical confines of the United States as defined in section 101(a)(38) of the Act, and that the DHS official before whom he or she wishes to appear allows such representation as a matter of discretion.

(b) *Persons formerly authorized to practice.* A person, other than a representative of an organization described in §292.2 of this chapter, who on December 23, 1952, was authorized to practice before the Board and the Service may continue to act as a representative, subject to the provisions of §292.3 of this chapter.

(c) *Former employees.* No person previously employed by the Department of Justice shall be permitted to act as a representative in any case in violation of the provisions of 28 CFR 45.735-7.

Plaintiff's Exhibit "K"

7

(d) *Amicus curiae.* The Board may grant permission to appear, on a case-by-case basis, as amicus curiae, to an attorney or to an organization represented by an attorney, if the public interest will be served thereby.

(e) Except as set forth in this section, no other person or persons shall represent others in any case.

Plaintiff's Exhibit "K"

8