# THE LAW OFFICE OF JOHN M. BRAY
### P L L C

**CIVIL • CRIMINAL • IMMIGRATION**

Hablamos español
Falamos português

Tuesday November 28, 2023

Office of the Principal Legal Advisor
District Court Litigation Division
500 12th Street, SW, Mailstop 5900
Washington, DC 20536                                *Via email to: Lucy.Twimasi@ice.dhs.gov*

**RE:**      **Claimant: GUERRA QUEZADA, Jorge Antonio, A# 098-102-097**
             **Amendment to SF-95 Claim Seeking Compensation for Personal Injury**

Dear Ms. Twimasi:

      I represent Mr. Jorge Antonio Guerra Quezada ("Mr. Guerra Quezada"), who hereby presents an amended Administrative Tort Claim ("SF-95"), through which he seeks compensation for injuries stemming from United States Government agents' failure to recognize him as a U.S. Citizen. Please note that if Mr. Guerra Quezada is to receive an unsatisfactory response to his SF-95, I will be filing a lawsuit in the Federal District Court of Northern Texas.

      The Federal Torts Claims Act ("FTCA") waives U.S. sovereign immunity where federal employees have engaged in negligent or wrongful conduct. 28 U.S.C. §§ 2671–2680. In the past, individuals have successfully sued the Department of Homeland Security ("DHS"), as one of several federal agencies. In addressing specific torts, the FTCA applies the law of the state where the tort occurred. Id. at § 2672; Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001). Moreover, the U.S. government can only be held liable for "negligent or wrongful acts" where state law would hold a "private person" liable in tort under "like circumstances." 28 U.S.C. § 1346(b)(1); United States v. Olson, 546 U.S. 43, 44, 126 S. Ct. 510, 511 (2005). Because Mr. Guerra Quezada's injuries occurred in the state of Texas, the following discussion is primarily focused on Texas law.

      The "intentional torts exception" of the FTCA precludes any claims "arising out" of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. 28 USC § 2680(h). However, claims that do not "arise out" of these enumerated torts are not barred under the FTCA. Truman v. United States, 26 F.3d 592, 594 (5th Cir. 1994). In line with precedent, Mr. Guerra Quezada intends to raise a series of claims based on negligence and intentional misconduct, including but not limited to: general negligence, negligent supervision, intentional infliction of emotional distress, wrongful eviction, and wrongful ejection.

Plaintiff's Exhibit "P"

Under Texas law, negligence is satisfied where there is "(1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) actual injury to the plaintiff; and (4) a showing that the breach was a proximate cause of the injury." Lopez-Flores v. Ibarra, Civil Action No. 1:17-cv-00105, 2018 U.S. Dist. LEXIS 237571, at *8-9 (S.D. Tex. Mar. 12, 2018). *See* Id. (holding that Plaintiff had a cognizable negligence claim under Texas law, arising out of her detention and deportation notwithstanding her legal right to reside in the United States); *see also* Salazar v. Collins, 255 S.W.3d 191, 203 (Tex. App. 2008) (finding that the relationship between government employees and those in their custody qualified as a "special relationship," giving rise to a duty of reasonable care). Moreover, an individual is liable in negligent supervision where: "(1) [the] employer had a duty to supervise competent employees; (2) the employer breached that duty; and (3) the breach proximately caused the plaintiffs' injuries." Hann v. IMC Waste Disposal, Civil Action No. 7:22-cv-00102-O, 2023 U.S. Dist. LEXIS 110326, at *13 (N.D. Tex. June 27, 2023). Mr. Guerra Quezada will successfully raise a negligence claim against the government where federal agents breached their duty of care in failing to properly investigate his citizenship claim. Mr. Guerra Quezada will similarly raise a negligent supervision claim here where federal agents in managerial positions failed to supervise subordinate officers, resulting in his unlawful detention and deportation—DHS abides by internal policies dictating how officers in managerial roles are expected to "supervise federal officers and [] oversee their treatment of migrants in their custody." D.A. v. United States, No. EP-22-CV-00295-FM, 2023 U.S. Dist. LEXIS 49840, at *39 (W.D. Tex. Mar. 23, 2023).

Texas law recognizes intentional infliction of emotional distress where: "(1) the defendant acted intentionally or recklessly, (2) the conduct was 'extreme and outrageous,' (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the resulting emotional distress was severe". Standard Fruit & Vegetable Co. v. Johnson, 985 S.W.2d 62, 65 (Tex. 1998). *See* Truman v. United States, 26 F.3d 592, 595 (5th Cir. 1994) (finding that Plaintiff's IIED claim was "not excluded from the reach of the FTCA"). Thus, Mr. Guerra Quezada can successfully establish intentional infliction of emotional distress, as federal agents acted recklessly in detaining Mr. Guerra Quezada at the Prairieland Detention Center in Fort Worth, Texas for 3 months prior to his removal. Federal agents likewise acted recklessly in detaining or preventing Mr. Guerra Quezada from residing in the United States for a period of 186 days until his eventual re-entry on December 14, 2021. On account of this unlawful detention and removal, Mr. Guerra Quezada suffered severe emotional distress including, but not limited to, his forceful separation from his family.

Moreover, Mr. Guerra Quezada would contend that a private analog exists in tort law to remedy the functional equivalent for deportation in the tort of wrongful eviction. Wrongful eviction in Texas is satisfied whenever "(1) Plaintiff had an unexpired rental contract with the landlord; (2) Plaintiff occupied the premises; (3) the landlord evicted Plaintiff; and (4) Plaintiff suffered damages attributable to the eviction." Alexander v. McCarthy, No. 4:22-CV-2920, 2023 U.S. Dist. LEXIS 94647, at *6 (S.D. Tex. Apr. 6, 2023). Although Mr. Guerra Quezada did not have a contract with the United States Government permitting him to occupy any particular premise, he nevertheless enjoyed the right to peaceably inhabit the United States, and the United States Government impinged this right when federal agents removed him from the United States—constituting his legal *premise*—causing him to experience severe mental anguish.

Lastly, courts continue to recognize the common law tort of wrongful ejection. Lawrence S. Greenwald & Charles S. Hirsch, Personal Liability of Corporate Officials In Ejectment

Plaintiff's Exhibit "P"

Actions: Evolution of the Tort and the Implications of Metromedia Co. V. WCBM Maryland, INC., 22 U. Balt. L. Rev. 37, 40 (1992) (citing Janoske v. Friend, 261 Md. 358, 364, 275 A.2d 474, 477 (1971). Accordingly, "wrongful ejection" consists of the following elements: "1) [Plaintiff] has the legal title to property; 2) he has the right of possession; and 3) assuming damages are sought, he has suffered damages." Id. See also Avalos-Palma v. United States, Civil Action No. 13-5481(FLW), 2014 U.S. Dist. LEXIS 96499, at *33 (D.N.J. July 16, 2014) (proposing "wrongful ejection" as a potential analog to deportation). Mr. Guerra Quezada's claim to wrongful ejection for reasons similar to those raised in regard to wrongful eviction.

Moreover, Mr. Guerra Quezada intends to raise claims of intentional misconduct pursuant to the "law enforcement proviso." The law enforcement proviso of the FTCA extends a waiver of sovereign immunity to acts committed by "investigative or law enforcement officers" that give rise to either assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution. 28 USC § 2680(h). The Act defines "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Id.

Pursuant to legal authority, both ICE agents and BOP officials qualify as "investigative or law enforcement officers" under the Act. See Watson v. United States, 133 F. Supp. 3d 502, 524 (E.D.N.Y. 2015) (holding that Plaintiff could sue ICE officers who unlawfully detained him on a theory of false imprisonment as they constituted "investigative or law enforcement officers" for purposes of the Act); see also Caban v. United States, 728 F.2d 68, 70-72 (2d Cir. 1984) (finding Plaintiff could sue INS agents after wrongfully detaining him at airport—INS agents constituted "investigative or law enforcement officers" for purposes of the Act). Because these claims are against ICE agents, it is clear that Mr. Guerra Quezada can successfully raise and establish false imprisonment and abuse of process claims for the injuries he suffered at the hands of ICE agents.

Specifically, under Texas law, false imprisonment is satisfied where there is a "(1) willful detention; (2) without consent; and (3) without authority of law." Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002). See Liranzo v. United States, 690 F.3d 78, 95 (2d Cir. 2012) (finding a private analog for immigration detention in "a person, who entirely in his or her private capacity, places someone under arrest for an alleged violation of the law—a so called citizen's arrest"); see also Avalos-Palma v. United States, Civil Action No. 13-5481 (FLW), 2014 U.S. Dist. LEXIS 96499, at *33 (D.N.J. July 16, 2014) (finding that false imprisonment constitutes a private analog to immigration detention). Mr. Guerra Quezada will successfully raise a false imprisonment claim here, as federal agents held him in custody for an aggregate period of approximately 9.2 months, notwithstanding Mr. Guerra Quezada's multiple, documented attempts at asserting his bona fide claim to United States Citizenship.

Furthermore, Mr. Guerra Quezada will successfully raise an abuse of process claim. Abuse of process consists of the following elements: "(1) the defendant made an illegal, improper, or perverted use of the process, a use neither warranted nor authorized by the process, (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of the process; and (3) damage resulted to the plaintiff as a result of such illegal act." D.A., No. EP-22-CV-00295-FM at *43. See A.F.P. v. United States, No. 1:21-cv-00780-DAD-EPG, 2022 U.S. Dist. LEXIS 122794, at *29-30 (E.D. Cal. July 11, 2022) (applying Texas law and finding a private analog in "abuse of process" where defendants "maliciously used plaintiff A.F.P's prosecution for illegal entry as a pretext for separating [Plaintiff] from his minor son"). Mr. Guerra Quezada can establish abuse of process here, since federal agents illegally and improperly removed him from the United States, on the basis of discrimination, resulting in

Plaintiff's Exhibit "P"

severe injuries. Lastly, consistent with caselaw, Mr. Guerra Quezada's claims are not barred by any other FTCA exception.

For the reasons stated above, I seek to update the damages on Mr. Guerra Quezada's Form SF-95. After thorough research, it has come to my attention that the previously requested amount of $1.744 million would not adequately compensate Mr. Guerra Quezada. Because the evaluation of damages is fact-intensive, an award of damages should not be entirely based on a comparison to other cases. U-Haul Int'l, Inc. v. Waldrip, 322 S.W.3d 821, 855-56 (Tex. App. 2010). Nonetheless, Texas courts do "review verdicts in other cases to determine the reasonableness of compensation." See Alonzo v. John, 647 S.W.3d 764, 774 (Tex. App. 2022); see also FTS Int'l Servs., LLC v. Patterson, No. 12-19-00040-CV, 2020 Tex. App. LEXIS 6851, at *42 (Tex. App. Aug. 26, 2020) ("Texas courts have looked to awards in similar cases for guidance on whether the award under review is excessive").

In light of recently discovered case law applicable to claims stemming from Mr. Guerra Quezada's unlawful detention and removal from the United States, we are seeking $10,000 in damages per hour of detention. As such, we now request damages in the amount of $66.24 million in order to more accurately redress Mr. Guerra Quezada's injuries stemming from the agency's negligence, negligent supervision, intentional infliction of emotional distress, wrongful eviction, wrongful ejection, false imprisonment, and abuse of process. In the past, courts have awarded upwards of $10,000 in damages to compensate plaintiffs for as short as a one-hour detention. See Dillard Dep't Stores, Inc. v. Silva, 106 S.W.3d 789, 792 (Tex. App. 2003), review granted, decision aff'd as modified, 148 S.W.3d 370 (Tex. 2004) (awarding Plaintiff $10,124 for past damages and $3,000 for future damages after Plaintiff was wrongfully detained for one hour) see also Mitchell v. Jones, 548 S.W.2d 813, 817 (Tex. Civ. App. 1977) (awarding Plaintiff $4,500 in damages after he was mistakenly believed to be the person on the arrest warrant and detained for a period of under 30 minutes).

Finally, I would note that despite your office's acknowledgment of receipt of my client's claim in July 2023, we submitted the SF-95 claim form in May, and it was received by your office on May 27, 2023. See Proof of Delivery by USPS Priority Mail. This means that this claim has now been pending for more than the 180 days necessary for adjudication. Accordingly, I respectfully request that you adjudicate my client's SF-95 claim by December 8, 2023, or otherwise make a reasonable offer to settle, or I will have no choice but to file suit in a U.S. District Court of competent jurisdiction. I thank you for your prompt attention to this matter, and I anxiously await your decision. As always, I remain

                                                Sincerely,

                                                *John M. Bray*

                                                John M. Bray
                                                Attorney at Law

Plaintiff's Exhibit "P"



John Bray <john@jmblawfirm.com>

**Presentment of Amended SF-95 Claim; A#098-102-097**
1 message

**John Bray** <john@jmblawfirm.com>  Tue, Nov 28, 2023 at 3:48 PM
To: "Twimasi, Lucy" <Lucy.Twimasi@ice.dhs.gov>

Ms. Lucy Twimasi,

Please see the attached correspondence amending the pending SF-95 claim of my client, Jorge Antonio Guerra Quezada, A#098-102-097.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .



John M. Bray

**Attorney at Law**

**The Law Office of John M. Bray, PLLC**

T. 855-566-2729  •  F. 214-960-4164

john@jmblawfirm.com  •  www.jmblawfirm.com



*** Warning *** Attorney/Client Privilege *** Attorney Work Product ***

This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information.

📄 **Amended SF-95 Claim - Jorge Guerra Quezada 20231128.pdf**
387K